IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CARLA J. LUSTIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 4:12-CV-22-APR |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on the Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. Section 2412 [DE 27] filed on October 4, 2013. For the following reasons, the motion is **GRANTED.**

*Background*

The plaintiff, Carla Lustig, applied for Disability Insurance Benefits, alleging an onset date of June 26, 2006. Her application initially was denied and also was denied upon reconsideration. She requested a hearing, and one was held before Administrative Law Judge Albert Velasquez. After the hearing, the ALJ issued an unfavorable decision. The Appeals Council denied review, and Lustig appealed the decision to this court. On August 2, 2013, this court remanded this case to the Commissioner for further proceedings because the ALJ did not explain his credibility finding.

In its Opinion and Order, the court explained that "the ALJ provided no discussion of how these [test] results were inconsistent with her testimony at the hearing and her reported

1

limitations in daily activities." [DE 25 p. 10] The ALJ did not clearly identify even one inconsistency between Lustig's testimony and the medical notes. The court concluded that "without as much as a single sentence to explain his decision, the court cannot discern the basis of the ALJ's decision and is left with nothing to review." [DE 25 p. 11]

Lustig's attorney now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act. The Commissioner opposes, arguing that her position was justified.

*Discussion*

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." **28 U.S.C. § 2412(d)(1)(A***); see also* **Commissioner, I.N.S. v. Jean**, 496 U.S. 154, 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990*); Golembiewski v. Barnhart*, 382 F.3d 721, 723-34 (7th Cir. 2004). A fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a showing that the application is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in[sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the United States was not substantially justified." **28 U.S.C. § 2412(d)(1)(B);** *see also* **Scarborough v. Principi**, 541 U.S. 401, 405, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004); *United States v. Hallmark Constr. Co*., 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B))).

2

Considering whether the Commissioner was substantially justified, the court is to analyze the "position of the United States," which refers to the conduct of the Commissioner throughout the civil action, including pre-litigation conduct. **28 U.S.C. § 2412(d)(2)(D)**; *Golembiewski*, 382 F.3d at 724; *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). The trial court must consider whether the Commissioner's pre- and post-litigation "position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Golembiewski*, 382 F.3d at 724 (citing *Hallmark Constr.*, 200 F.3d at 1080). A court should evaluate the factual and legal support for the Commissioner's position throughout the entire proceeding. *See Hallmark Constr.*, 200 F.3d at 1080. A court need only make one determination regarding the Commissioner's conduct during the entire civil action. *Jean*, 496 U.S. at 159, 110 S.Ct. at 2319; *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996). "[F]ees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigation position may have been substantially justified and vice versa." *Marcus*, 17 F.3d at 1036. The court must undertake a global analysis of the government's position because whether that position was substantially justified will rarely be decided by a single issue. *See Hallmark Constr.*, 200 F.3d at 1080.

Although the EAJA does not define "substantial justification," the Supreme Court has defined the term to mean "justified to a degree that could satisfy a reasonable person." ***Pierce v. Underwood***, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *see also Golembiewski*, 382 F.3d at 724. Expanding on this definition, the Seventh Circuit has explained, "'Substantially justified' does not mean 'justified to a high degree,' but rather has been said to be

3

satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (citing *Pierce*, 487 U.S. at 565, 108 S.Ct. at 2550); *Church v. Astrue*, 496 F.Supp.2d 964, 966 (N.D. Ind. 2007) ("[I]f an agency had 'a rational ground for thinking it had a rational ground for its action," the Commissioner's position is substantially justified.'" (citing *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994)). When conducting this analysis, the court should consider whether the ALJ's decision was plausibly supported by evidence of record and whether the Commissioner's position was supported by applicable law. *Church*, 496 F.Supp.2d at 966 (citing *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006); *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994)). The substantial justification standard is different than the substantial evidence standard, which is used to evaluate the merits of a claimant's request for remand. *See Pierce*, 487 U.S. at 568-69, 108 S.Ct. at 2552. Thus, a loss on the merits does not automatically constitute a lack of substantial justification. *See Pierce*, 487 U.S. at 569, 108 S.Ct. at 2252. The Commissioner bears the burden of proof in showing that the government's litigation position was substantially justified. *See Pierce*, 487 U.S. at 565, 108 S.Ct. at 2561; *Golembiewski*, 382 F.3d at 724.

In support of her position, the Commissioner refers the court to *Murphy v. Astrue*, 351 Fed. App'x 119, 123 (7th Cir. 2009). In *Murphy*, the plaintiff argued that the ALJ did not "*fully* develop the record and *adequately* articulate his analysis". *Murphy*, 351 Fed. App'x. at 123. The court explained that although the ALJ wholly ignored some evidence, "*some* discussion and *some* evidence in the record supported his position". *Murphy*, 351 Fed. App'x. at 123. Similarly, in another case the Commissioner cited, the court determined that the Commissioner's

4

position was substantially justified despite the ALJ's failure to consider certain factors in assessing the claimant's credibility. *Cunningham v. Barnhart*, 440 F.3d 862, 864-865 (7th Cir. 2006).

This is not a case of the ALJ failing to adequately articulate his reasoning. Rather, the court explained that the ALJ "has not clearly identified even one inconsistency" and "provided no discussion" of his credibility finding. [DE 25 p. 10] A failure to provide any discussion violated the clear mandate of SSR 96-7p and the court precedent, and this omission was not substantially justified. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) (explaining that the Commissioner's position was not substantially justified because the ALJ's decision provided no discussion of credibility and he failed to apply the factors for evaluating symtpoms set forth in SSR 96-7p).

The Commissioner argues that the record contained some evidence that supported the ALJ's credibility finding, citing to the medical evidence to show that Lustig's back condition was not as severe as she claimed. Although there arguably may have been some medical evidence to discredit Lustig's testimony, the ALJ did not acknowledge it or provide a single sentence of discussion. Although *Murphy* explained that the Commissioner's decision was substantially justified despite the fact that the ALJ ignored some evidence, in *Murphy* the ALJ provided "some discussion". Here, the record may have contained "some evidence" but the ALJ's opinion was devoid of any discussion. For this reason, the court finds that the Commissioner's position was not substantially justified.

Based on the foregoing, the Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. Section 2412 [DE 27] is **GRANTED**. The Commissioner is

5

**ORDERED** to pay $4,547.70 in attorney's fees.  If counsel can verify that Lustig owes no pre-existing debt subject to offset, the Commissioner will direct that the award be made payable to Lustig's attorney if the parties have a signed EAJA assignment.

ENTERED This 24th day of February, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge